| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **07 CIV. 6792** |
|---|---|
| | **JUDGE ROBINSON** |

---------------------------------------------------------x
SOUTHWIRE COMPANY, a Georgia     )   Civil Action No. _____
Corporation,                     )
                                 )   **COMPLAINT**
              Plaintiff,         )
                                 )
     vs.                         )
                                 )
CREED ELECTRICAL SUPPLY          )
& EQUIPMENT CORPORATION, a       )
New York Corporation; and DOES 1 to )
50, inclusive,                   )
                                 )
              Dependants.        )
---------------------------------------------------------x

Plaintiff, SOUTHWIRE COMPANY, a Georgia Corporation (hereinafter referred to as "SOUTHWIRE") by and through its attorneys, Jeffrey M. Galen, Esq., of Galen & Davis, LLP, Attorneys at Law alleges on knowledge as to its own acts and otherwise on information and belief as follows:

## NATURE OF THE ACTION

1. This is an action for breach of contract; open book account and account stated in violation of the laws of the United States and the State of New York. Plaintiff seek damages and related relief.

## JURISDICTION AND VENUE

2. The court has subject matter jurisdiction over all claims asserted herein and

1

personal jurisdiction over all parties to 28 USC section 1332. The amount in controversy exceeds the amount of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs and is between corporations of different states.

3. Venue is properly founded in this district pursuant to 28 U.S.C. §§ 1391 ( b ). and ( c ).

## THE PARTIES

4. At all times herein mentioned, Plaintiff SOUTHWIRE COMPANY (hereinafter referred to as "Plaintiff") was and is a Georgia corporation with its principal place of business located in the City of Carrollton, State of Georgia.

5. Plaintiff is informed, believes and thereupon alleges that at all times mentioned herein, CREED ELECTRICAL SUPPLY & EQUIPMENT CORPORATION, a Georgia Corporation has its principal place of business located at 2 John Walsh Blvd., Peekskill, New York 10566.

6. Plaintiff is ignorant of the true names and capacities, whether corporate, associate, individual or otherwise, of defendants sued herein as Does 1 to 50, inclusive, and Plaintiffs therefore sue said Defendants by such fictitious names. Each of the Defendants designated herein as Doe is responsible in some manner for the events and happenings herein referred to, and proximately caused the injuries and damages to Plaintiff, in a manner hereinafter alleged. Plaintiffs will ask leave of court to amend this Complaint to show their true names and capacities when the same have been ascertained.

7. Defendants, and each of them, were at all times mentioned herein, the agents, servants, employees and/or directors of each of the remaining Defendants, and

each of them, and in doing the things hereinafter alleged, were acting within the course and scope of their authority as such agents, servants, employees and/or directors with the knowledge, permission and/or consent of the remaining Defendants, and each of them.

8. At all times mentioned herein, Plaintiff is engaged in the business as a distributor of energy related products and electrical components with its corporate offices in the City of Carrollton, State of Georgia.

## FIRST CLAIM

## BREACH OF CONTRACT

9. On or about November 2, 2006, plaintiff entered into an Agreement with defendant in which plaintiff sold and delivered products, including but not limited to, electrical components to defendant and in consideration thereof, defendant agreed to pay plaintiff for the products ordered and received.

10. Plaintiff has duly performed all of the conditions and/or obligations on their part to be performed under the terms of the above said agreement, except for the conditions and/or obligations the Plaintiff was prevented or excused from performing.

11. On or about June 10, 2007, defendants breached the agreement by failing and refusing to pay for the merchandise ordered and received in the amount of Two Hundred Twenty Two Thousand Four Hundred Fourteen Dollars and Seventy Two Cents ($222,414.72).

12. Although Plaintiff has made a demand upon defendants to pay the amount

due and owing to plaintiff, the defendants have failed and refused, and continues to fail and refuse to pay plaintiff.

13. As a direct result of said defendants' wrongful and unlawful conduct in a manner as described above, plaintiff has sustained damages, in a sum of at least Two Hundred Twenty Two Thousand Four Hundred Fourteen Dollars and Seventy Two Cents ($222,414.72) in an amount to be stated according to proof at the time of trial.

14. As a further direct result of the above-said defendants' wrongful and unlawful conduct in a manner described above, plaintiff was required to, and did, employ attorneys duly licensed to practice law in the State of California for the purposes of representing it in the above-entitled action, and as a result thereof, will incur attorney fees and costs in amounts not now known, but which will be stated according to proof at the time of trial. Pursuant to the agreement, in the event of litigation, defendant agreed to pay reasonable attorneys fees and costs incurred.

15. As a further direct result of the defendants' wrongful and unlawful conduct in a manner as described above, plaintiff is entitled to pretrial interest on all amounts due and owing at the legal rate per annum from June 10, 2007, to the date of trial.

## SECOND CLAIM

### (OPEN BOOK ACCOUNT)

16. Plaintiff realleges paragraphs 1 through 15 inclusive of its First Claim and incorporates them by reference as though fully set forth herein.

17. Within the last four years, defendants have become indebted to plaintiff, on an open book account for merchandise sold and delivered to defendants in the sum of

Two Hundred Twenty Two Thousand Four Hundred Fourteen Dollars and Seventy Two Cents ($222,414.72), all at the special instance and request of Defendants and/or for their use and benefit.

18. Neither the whole nor any part of said sum has been paid although a demand has been made, and there is now due, owing and unpaid from defendants to plaintiff, the sum of Two Hundred Twenty Two Thousand Four Hundred Fourteen Dollars and Seventy Two Cents ($222,414.72), together with interest thereon at the legal rate per annum from June 10, 2007, to the date of trial.

19. Plaintiff is further entitled to reasonable attorneys fees pursuant to Civil Code Section 1717.5.

## THIRD CLAIM

## (ACCOUNT STATED)

20. Plaintiff realleges paragraphs 1 through 15 inclusive of its First Cause Of Action and paragraphs 16 through 19 inclusive of its Second Cause Of Action and incorporates them by reference as though fully set forth herein.

21. Within the last four years, at Carrollton, Georgia an account was stated in writing by and between plaintiff and defendants wherein it was agreed the defendants and each of them, were indebted to plaintiff in the sum of Two Hundred Twenty Two Thousand Four Hundred Fourteen Dollars and Seventy Two Cents ($222,414.72).

22. Neither the whole nor any part of said sum has been paid although a demand has been made, and there is now due, owing and unpaid from defendants to plaintiff, the sum of Two Hundred Twenty Two Thousand Four Hundred Fourteen

Dollars and Seventy Two Cents ($222,414.72), together with interest thereon at the legal rate per annum from June 10, 2007, to the date of trial.

**WHEREFORE,** plaintiff prays for judgment against the defendants and each of them as follows:

### AS TO THE FIRST, SECOND AND THIRD CLAIMS:

1. For all general, special, consequential and/or incidental damages in the sum of at least Two Hundred Twenty Two Thousand Four Hundred Fourteen Dollars and Seventy Two Cents ($222,414.72) or in an amount to be stated according to proof the time of trial;

2. For interest thereon at the legal rate from June 10, 2007;

3. For reasonable attorneys fees in an amount to be stated according to proof at the time of trial;

4. For all costs of suit herein incurred; and

5. For such other and further relief as this Court may deem just and proper.

Dated: July 24, 2007

GALEN & DAVIS LLP

By: _____
Jeffrey M. Galen, Esq.
Galen & Davis, LLP
16255 Ventura Blvd., Suite 900
Encino, CA 91436
(818) 986-5685
Attorneys for Plaintiff,
SOUTHWIRE COMPANY